The Court now calls Agenda Number 3-115-310, People of the State of Illinois v. Billy McChriston. Ready to proceed, Counsel? May it please the Court and Counsel, my name is Alan Andrews. I'm here from the Office of the State Appellate Defender to represent Mr. McChriston. I'm here to ask this Court to reverse the Appellate Court because Mr. McChriston's sentence has been improperly increased. The trial judge orally sentenced Mr. McChriston to 25 years. The written order said that he was sentenced to 25 years, and the term of mandatory supervised release was never mentioned. However, the Department of Corrections website now shows that Mr. McChriston will have to serve a three-year term of mandatory supervised release. We've argued that the addition of the mandatory supervised release term violates due process and the separation of powers doctrine. I think because of the separation of powers claim, the case has kind of become bogged down in this argument over whether or not it was the Department of Corrections who added this term of MSR or whether it was added by operation of law. But that doesn't really resolve anything, and it certainly does not resolve the federal due process claim. I want to focus on the due process claim at the outset simply because I don't think I've done a good job, apparently, of making it clear to the Appellate Court that why this sentence or how this MSR term was added, that doesn't really resolve the due process claim. Due process is violated when a sentence is increased beyond what was imposed by the sentencing judge, by the trial court. It doesn't matter whether this increase comes by some administrative act by the Department of Corrections or whether it occurs by operation of law, which is what the Appellate Court found had happened. Any increase violates due process. You know, the United States Supreme Court in 1936 in Hill v. U.S. X. Rel. Wampler said, the only sentence known to law is the sentence or judgment entered upon the records of the court. You know, the sentence that was entered here on the records of the court was 25 years. There was no three, it was not 25 years, plus three years of mandatory supervised release. And so this, you know, pursuant to Wampler, this term of mandatory supervised release is not known to law. Kagan. Let me ask you just to talk about Wampler a little bit more. You just alluded to the section that says it follows, if at all, because the consequences has been prescribed in the imposition of the sentence. So I'm sorry, I didn't read the first sentence. But basically, it's talking about the authority of the court versus, in Wampler, of course, it was the clerk who added some language. But then Wampler goes on to say, the choice of pains and penalties, when the choice is committed to the discretion of the court, is part of the judicial function. So don't we have to discuss whether or not the imposition of MSR is committed to the discretion of the court, or in fact, as others have said, it's a function of the statute itself? I would disagree with that, because that's, you know, that line is in there. But when you look at the holding of Wampler, it is much broader than that. It is that the only sentence known to law is that imposed by the court. And while that mentioned the discretion, every other statement is much broader than that. And that's my answer to that question, that it doesn't just deal with a discretionary factor, it straight out says that the sentence can't be greater than what the court imposed. What about Carroll v. Hathaway? Carroll v. Hathaway, the latest version of Carroll v. Hathaway? You know, and they brought that up, the discretion thing. And you can tell, I think the best way to explain Carroll v. Hathaway is that's under the AEDPA, and it's got to be clearly contrary to federal law. I mean, there's two tests. But basically, it's got to be clearly contrary. And I think the federal judge in Carroll v. Hathaway is no longer convinced that this is settled enough for a federal habeas petition. But we're not here on a federal habeas petition, you know, so we don't have to worry about these two requirements in the AEDPA that were designed to massively cut back on a person's ability to reach a remedy with federal habeas. So I just think that in Carroll v. Hathaway, the judge is no longer comfortable that the law is clear enough for the AEDPA. But I would say it's clear enough for a proceeding not subject to the AEDPA, which, of course, we are in one of those. And, you know, of course Wampler led to early versus the... But it specifically talks about mandatory terms of supervision, right, in the newest version. In Carroll, when they're saying that maybe early overextended Wampler and they talk about the opinion's relative brevity, lack of reference to the particular standard it was applying and discourse on the nature of judicial power, which would seem to implicate Article III inapplicable to state judges, meant that the holding was not unmistakably broad enough to encompass state prisoners in prison pursuant to legally mandated terms of supervision. Yes. So they do. And I think... I missed the word, but the word's in there about it's like it's not perfectly clear. And that's what I think that Carroll v. Hathaway is based on. Again, he's uncomfortable that the decision, because of the factual... You know, one of the exceptions is it's got to be factually right on point or factually so close that, you know, it's basically indistinguishable. And I think that's what the judge in Carroll v. Hathaway is saying. Look, this is different. I'm not saying that Hill v. Wampler doesn't apply. I'm saying that I don't any longer think I can give you relief under the AEDPA under Hill v. Wampler. That's what I think the judge in Carroll said. And then, of course, you know, he says, of course, this is a close issue and I'm sending it off to the Seventh Circuit so that they can make up their minds. But I do think that that's based on the AEDPA and not really on the merits of this discretion or mandatory. It's an AEDPA thing. And, you know, Wampler led to Early v. Murray, which, of course, was the basis. This is where Mr. McCristen, you know, based his claim on. He's found this case Early v. Murray. And, you know, New York law also provided, I'll quote the pertinent part of the statute, it said that every sentence also includes as a part thereof an additional period of post-release supervision. So I don't see any meaningful distinction between the New York post-release supervision and Illinois' mandatory supervised release. You know, the language isn't identical, but it's the every sentence part shall also include. That seems pretty identical. Didn't it equal v. Evans? Didn't we reject Early? I don't believe this Court rejected Early at all in Evans. As I recall, this Court said Evans currently has no effect because no Illinois court has said whether it applies or not. I don't think that that's rejecting Early v. Murray. That's merely pointing out the obvious that until this Court or perhaps an appellate court decides whether or not it applies, it has no effect. I'm here arguing that you should say that Early v. Murray, whether that case has any effect or not, Hill v. Wampler has effect, and I think that Early v. Murray is a correct interpretation of Wampler. So I don't think that this case has been rejected. And the point is, you know, and why Early is of interest to Mr. McChristen is because it went and applied Wampler to a situation where this MSR, the supervised release parole, whatever, is a mandatory situation. And it said that that really doesn't make any difference. Because there, you know, there was a difference. In Early, the defendant pled guilty and they never told him. But Early never discusses the contract principles, you know, of a guilty plea. That's kind of what the State got hung up on, I think, in the Fourth District. But it said very clearly that Hill v. Wampler says that nothing can be added to the sentence that's been imposed by the trial judge. And other than the six years of incarceration imposed on him by the judge at his sentencing hearing and recorded in his order of commitment. And Early, in that case, held that the addition of the supervised release term was a nullity. Now, the State in Early filed for a rehearing. And in that rehearing, they raised the argument that's been raised by the State, you know, most frequently in this case, that nothing was added to Early's sentence. Because as soon as the judge pronounced sentence by operation of New York law, this term of supervised release was added to his sentence. And that's, you know, that's identical to the State's argument here. The judge doesn't have to say anything. It's just added there automatically by operation of law. But the Second Circuit rejected that argument. And again, relying completely on Hill v. Wampler. You know, they said that a judicially imposed sentence includes only those elements explicitly ordered by the sentencing judge. And they went on to say that when the sentence is imposed by a sentencing judge is purportedly altered to reflect something other than the sentence imposed, the source of that alteration is immaterial. Whether it is the administration, whether it is administrators of the operation of New York law that works the alteration, the alteration has no effect. And that's our position here. For the purposes of due process, it doesn't matter whether the Department of Corrections has added this term to Mr. McChristin's sentence or whether, as the State says, they think they can add it by the operation of law. You can't add it for any reason. All Mr. McChristin can get is the 25 years that was imposed by the judge. So in terms of remedy, let's say we agree with you and that's the next speaking point. What do we do? The remedy, I would say, my interpretation is in early they cut the supervised release term off. This court has repeatedly held that MSR is mandatory and I don't think I can make much of an argument to do that. I think the only remedy is the one that Mr. McChristin asked for in his petition, and that is to reduce my sentence to 22 years and add the three years MSR. Then I will have the 25-year term of commitment that the trial judge imposed. Why not remand and allow the trial judge to amend the order to say 25 years plus MSR? Well, in New York, early said that might have been an option. New York had a statute that said you could remand it within a year. In Illinois, we have a statute that says that should a sentence be reversed on appeal, you can't increase it on remand. And I think that the Illinois statute precludes this court from remanding the cause to have a term of MSR added onto it. And that would be the distinction between when we're presented mandamus with respect to, hey, this judge blew it and there was a three-year term MSR, send it back to the trial court, the fact that an appeal has already taken place? I believe that it is the statute's plain language that says that. It says, you know, I do believe there are possibly remedies where the state could correct this, but they have not. And in any event, you know, should this, you know, the due process claim win, I do not believe there is any way that it can be sent back. You know, there are avenues that would indicate the state might have a way to do this, and, you know, then you have another lawyer. But the way it is now, where they've done nothing at all except come here and say you've got to uphold this sentence that we've never tried to correct, it can't be done. And the other alternative that was suggested to me by one of our current lawyers would be to have this court simply add the term of mandatory supervised release. But I think that runs afoul of Hill v. Wampler. That's somebody other than the trial judge increasing the sentence. The separation of powers claim, you know, again, it gets bogged down in this argument that the Department of Corrections added, that the operation of law added. You know, the state says it's operation of law. I guess I would just like to point out, you know, what happened here. It really was an operation of law. Mr. McKristen goes to prison accompanied by this sentencing order with no term of MSR, and then all of a sudden, on the website, he's got this term of MSR, and they're going to make him serve it. There was no MSR when he got there. Now there is. The Department of Corrections added the term of MSR in any literal sense. If it attached by the operation of law, you know, there is case law saying that the Department of Corrections added the term of MSR to the separation of powers by exercising a power that's judicial in character. Well, and not to confuse us even more with the due process claim, but Hill v. Wampler, you know, held that sentencing is a judicial function, and I don't think there's any dispute about that in Illinois. That was the Kearns case from the Third District. The Third District said that, you know, the DOC added this. They said that only the judge could impose this sentence. Therefore, they violated the separation of power. So either way, separation of powers or due process, I think that Mr. McChristian's sentence is improper. And therefore, unless there are any other questions, I would respectfully request this court to remand the cause to the circuit court with instructions to announce that he has a 22-year, a 25-year term of commitment to the Department of Corrections, which includes a three-year term of MSR. In other words, a 22-year term in which they can keep him in prison and then a three-year term of MSR added on to that. Thank you, counsel. Thank you. Counsel Cleopold? Good morning. May it please the Court, I am Assistant Attorney General Stephen Soltanzati on behalf of the people. In this case, the Petitioner is seeking reduction in his sentence because the judge did not mention MSR at the sentencing hearing or in the MSR order. But he's not entitled to that reduction for two reasons. First, the trial court did not have to mention MSR. As the appellate court held in this case under the plain language of Section 581D at that time, the term was included as though written therein. And there's no separation of powers problem with the General Assembly including that language in that manner because the term was mandatory. For that same reason, there was no due process problem. I know you don't think you have to, but is there anything to preclude the State from seeking mandamus of this Court? No. At this time, the State's view is that this term is part of Petitioner's sentence. On mandamus, there would be nothing to do. If this Court said, no, that's not correct, this term is not part of the sentence, there would be nothing precluding the State from seeking mandamus. And that provision about once it is on appeal? That doesn't apply here because if this Court says that the MSR term was not part of the sentence, then the sentence is void. The legislature has said that every term has to include a term of MSR. In this case, it has to be a three-year term. There's no dispute that the General Assembly has the authority to at least make the term mandatory, even if it doesn't have the authority to include it by operation of law. So that statute that Counselor refers to doesn't apply if the sentence is void. So there would be nothing precluding the State from seeking mandamus in that situation. There would also be nothing precluding this Court from just solving the problem right here. If this Court found that the child court erred and that the MSR term wasn't part of the sentence, then the proper remedy is just to enforce the law. Just order that that three-year MSR term is included in the sentence because that's what the law requires. Is it your position that if, arguing that the sentence is void, that if it goes back, the trial court can impose the 25-year sentence plus the three years? That does not run in the face of a statute saying no increase on remand? That's correct. There would be, again, if the term is not part of the sentence, the sentence is void. The sentence has to include that MSR term. Also, I think it's important to note that a sentence that included a 25-year term of incarceration and a three-year MSR term is not only entirely consistent with what the trial court did, but we have to presume that the trial court knew the law and therefore knew that when it ordered a 25-year term of imprisonment that that term included this three-year MSR term. There's nothing in this record rebutting the presumption that the trial court knew exactly what was going to happen here. We have every reason to believe that the sentence here that is being carried out by IDOC, as counsel says, 25 years plus three years of MSR, is exactly the sentence the trial court intended. And for that reason, there's really no due process problem. In terms of due process, it's not clear what further process could have been due to this petitioner. The petitioner had a sentencing hearing. The trial court made all the discretionary sentencing decisions in this case. No one took a discretionary sentencing decision out of the trial court's hands. The trial court, at that hearing, looked at the facts of the case, looked at the petitioner's record and said he's due a 25-year term of incarceration, knowing the law that the three-year MSR term would be included. Petitioner argues that this court should follow the reasoning of Early v. Murray, but should not for a few reasons. First, Early, of course, is not binding on this court. It also is factually distinguishable and was wrongly decided in that it read Wampler far too broadly. And in any event, Wampler doesn't even compel the remedy that petitioner is asking for here. First, starting with the facts, in Early, in the first two lines of that decision, the Second Circuit says neither the trial court nor the prosecutor nor the defendant nor the defense counsel knew that this new York law was on the books. It was a brand-new law. And so no one at that sentencing hearing knew that Early's sentence was going to include this extra five-year parole term. That's a critical distinction here, because if you look at Early, what Petitioner describes as Early II, where the Second Circuit really gets to the argument in this case and says why that the term can't attach by operational law, the Second Circuit says that it doesn't matter if it's the legislative body or another administrative body. No one can increase the sentence that's imposed by the trial court. And in Early, you could see why the Second Circuit might view, characterize what happened there in that manner. They might, because the trial court gave a six-year term and didn't know the five-year parole term was going to attach. That's not the case here. Here, we have every reason to believe, in fact, there's a presumption, that the trial court knew that the three-year MSR term would be part of the law, would be part of the sentence. So Early's reasoning doesn't apply. Early says you can't increase the trial court's sentence, but that's not what happened here. Early also read Wampler far too broadly. Wampler involved a court clerk, a federal district court clerk, adding a discretionary sentencing provision to the defendant's sentence. The defendant was sentenced, I think, to an 18-month term and some fines. And the clerk added another term that said if the defendant doesn't pay all his fines by the time the 18-month sentence is finished, he has to stay in prison until he pays all his fines. And Wampler just said that the court clerk can't make that kind of discretionary sentencing decision. And I think Justice Tice points to the operative language there, because in defining the power of the sentencing court, in defining the power that was really the basis for that decision in Wampler, the U.S. Supreme Court said that the sentencing power of the trial court involves the choice of pains and penalties when choice is committed to the discretion of the court. Here, the court had no discretion regarding the MSR term. That term was mandatory, and there's no dispute that General Assembly can make MSR terms mandatory. So no discretionary power was taken from the trial court here. Whatever Wampler decided, it did not address whether or not a legislative body can include a mandatory term by operation of law. So that holding is far from the situation here, and it's far from the situation in Early. In any event, even if this Court decided to adopt to the reasoning of Early and read Wampler the way that Early read Wampler, it would not compel the remedy that Petitioner seeks here. Petitioner seeks essentially the Whitefield remedy. Petitioner wants to put a cap on his sentence at 25 years, or his incarceration at 22 years and a three-year MSR term. But even Wampler recognized that the prosecutors in New York can return to the trial court and have Petitioner resentenced to include that mandatory parole term, so that he could ultimately receive his six-year sentence with the five-year mandatory term. Again, there, the trial court didn't know about the law. So maybe in Early it made sense to go back to the trial court. And see if the trial court really meant to impose a six-year term of incarceration plus a five-year term. That's not the situation here. We don't have a record that tells us the trial court didn't know the law. We have every reason to believe the trial court here knew the law, and that a 25-year term plus a three-year term of MSR is exactly what the trial court intended. Just briefly turning to the separation of powers question, this Court has already decided in Scott v. Israel that the General Assembly can attach a mandatory sentencing provision by using the exact words used in the statute here, saying that the term is included as though written therein. There's no reason to revisit Scott v. Israel. In fact, there's every reason to reaffirm Scott in this context. Because there's no question the General Assembly can make these MSR terms mandatory. So it begs the question, what power of the trial court was infringed here? What is the separation of powers problem? This three-year MSR term had to be part of the sentence, no matter what the trial court did. So no one took anything from the trial court. No one took any power from the trial court. There's no separation of powers problem. The Petitioner has not identified any authority suggesting there was a separation of powers violation in this case. If this Court has no further questions, we ask that it affirm this argument. Has the State waived its argument that the Petitioner is untimely here? Well, generally, the State has to raise timeliness in a 214.01 in lower court proceedings. But here the trial court denied the petition on that alternative ground. So this Court can affirm the judgment of the trial court for any reason that's apparent in the record. So in this case, because the trial court affirmatively found that this 214.01 petition was late, I don't think there's anything precluding this Court from affirming the trial court's judgment on that ground. Counsel, if I may take one more question. Could you point to me where it is raised? I don't find it in the statement, the background statement of the case. It's not in the statement of the parties. I'm sorry, Your Honor, in the briefs in this case? Yes. In the people's brief, the timeliness of the petition is discussed beginning at page 14. It's argument number 4. It starts at page 14. This one you cite goes here? I'm sorry? This one you cite goes here? Yes, Your Honor. That's correct. There's language that goes here that says where the opposing party has waived the limitation period, it does not apply. I think that's true as a general matter, that the State can waive a timeliness challenge to a section 214.01 petition. Again, here, I think there's a distinction in that the trial court affirmed there was no State response in the trial court. And the trial court here, on its own, looked at the petition to determine it was untimely. I don't think there's anything, again, that would preclude this court from making a determination on that ground. I think the substantive issue – Even though it's not raised here? I'm sorry? Even though it's not raised here? Well, you certainly argue it in our brief. It wasn't – it was not raised by the State below. So to the extent that would constitute a waiver, then yes, the State, as a general matter, would waive a timeliness argument by not arguing it below. We have argued in the briefs here petitioners had an opportunity to respond to that argument, and he did respond to that argument. So this court could, if inclined, decide the case on timeliness grounds. Again, we think this is an important issue, the substantive issue, and this court can reach that substantive issue. And to provide guidance to the lower courts, because there are these claims in the trial courts and we've seen them in the appellate courts, this court, timeliness aside, could reach the substantive issue and decide the case on that ground. Counsel, before Justice Freeman asked the question, you had ended more or less on Scott. Yes, Your Honor. And I wanted to bring you back to that. Yes, Your Honor. What is it in Scott that supports your – and I'm not trying to recast your argument, to make sure I understand it – that the legislature may modify the sentence by adding MSR? And the second part is, do you actually view MSR as part of the sentence itself, or is it a – whatever else you want to call it, an add-on? Right. Okay. So the first part of that question is Scott itself. The whole thing in Scott is fairly broad. There's a separation of powers challenge to the way the parole term worked then. And essentially the legislation said every sentence shall include a parole term as though written therein. And it makes the same – uses the same language here. There was a broad separation of powers challenge to that statute. And the Court in Scott, in a relatively concise analysis, said there's a separation of powers challenge here, but this MSR term – I'm sorry, the parole term was mandatory at that time. And it says – it concludes just by saying there's no separation of powers problem in this enactment because the General Assembly has the authority not only to include and to require parole terms, but that it can do so in the manner it did there, which is include them as though written therein. So really the legislation is, for purposes of this case, really the same. The operative language that attaches that term by operation of law is identical. And this Court said there's no problem with doing it that way in Scott. To get to the second question, I think the way the statute is written, there's a sentence. And that sentence has two parts. There's the – or at least two parts. There's the prison term ordered by the trial court, if there is a prison term. And then there's this MSR term. Together they make this sentence. And for that reason, if there was some problem with the way MSR was imposed, that entire sentence would be void. And that's why this Court could fix the problem here, and that's why there would be no problem under the statute referenced by counsel of going back to the trial court and just having this Petitioner re-sentence. So I think the fairest characterization is that there's a sentence, that there aren't multiple sentences, but there are various parts of the sentence. But Petitioner argues that sentencing is an exclusive domain of the trial court. That's not true. Of course, the General Assembly makes all sorts of sentencing decisions in that it requires sentencing ranges. It requires mandatory terms. There are mandatory life sentences in certain circumstances. And so because this term was a part of the sentence doesn't necessarily mean it implicates separation of powers. It was – the mandatory term was part of the sentence, but it's something that the General Assembly has the power to do, is require these mandatory terms. Thank you. Thank you. If the Court has no questions, we ask that it affirm the judgment of the appellate court. Thank you. Please, the Court. As far as Mr. McKristen's sentence being void, I don't think that's an accurate statement of Illinois law. In Illinois, a sentence is void if it's not authorized by statute and it's outside of the statutory range. Mr. McKristen's 25-year sentence is well within the 6- to 30-year term for a Class X felony, which he was sentenced as a Class X felon. So I don't see any argument that the statute is void and I – that the sentence is void. And I don't recall the State citing any authority to say that this sentence was void. It simply isn't. The State says that when there's no consecutive sentence, then the – the State wants to talk about the mandatory consecutive. So those are quite distinguishable. You know, this Court has held when the mandatory consecutives are not imposed that the, you know, the statutory range has not been complied with and therefore the sentence is a nullity. You can't – on remand, you can't increase a nullity. There's nothing to increase. Therefore, you don't have this problem with Wampler because you aren't increasing the guy's sentence. He never got one. Again, here the distinction is his sentence of 25 years is not a nullity. It's well within the range determined for a Class X felony. The State pointed out that in Early v. Murray, the Court suggested that you could return the case to New York trial court to impose a supervised release. But even there, the Court pointed out that it might not be possible. The New York statute allowed that to be done within one year of imposing the sentence and the decision in Early had come out after that. So Early doesn't stand for this idea that you've always got to be able to return the case to the New York – to the trial court. It merely said that if there's a statute that permits that, then you can do that. The State talked about Scott v. Israel. You know, I don't really see that that case has much application. I've never argued here that the legislature can't require a term of mandatory supervised release. All Scott v. Israel said was – and the Williams case before it – was yes, you can require parole. But what can't be done here is they can't add it onto a lawfully imposed sentence. And it does intrude upon the powers of the trial court when the legislature increases a sentence that is imposed by the trial court. It is only the trial court that can impose the sentence. You can't add it by operation of law. You know, Scott and Williams, when they talked about the parole cases, they talked about a sentence really isn't a sentence to prison. It is a term of commitment to the Department of Corrections. What we have here is a 25-year term of commitment to the Department of Corrections. It shouldn't be to avoid a due process and separation of powers problem. It should be up to 22 years confined in prison and three years of mandatory supervised release. That is a 25-year term of commitment to the Department of Corrections. Remember, in Williams, that case was apparently back in the day the Department of Corrections was letting juveniles out on parole as soon as they got to the Department of Corrections. And a trial judge said, you've got to at least make them serve the statutory minimum and, you know, issued an injunction. And this court said, you've got it wrong. There is no minimum term of commitment to prison. There is simply a term of commitment to the Department of Corrections. And because the parole term does not alter the, you know, releasing them on parole only altered the form of their and the manner in which they served their commitment to the Department of Corrections. So, basically, what Williams and Israel held my position, the judge lawfully imposed a 25-year term of commitment to the Department of Corrections. And it should simply reflect the fact that three years of that should be served on mandatory supervised release. Are there any other questions? If not, then I would ask this court to reverse the decision of the appellate court. Thank you. Thank you. Case number 115-310, People of the State of Illinois v. Billing McCristen, will be taken under advisement as agenda number three. Mr. Andrews and Mr. Sultanzadeh, thank you for your arguments, your excuse at this time. Mr. Marshall, the court stands adjourned until Tuesday, November 19th at 9.30 a.m.